UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLE ERICA AINE, aka NICHOLAS ERIC LEVAK,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>    Defendants. | CASE NO. C22-1608-JCC<br><br>ORDER |

This matter comes before the Court on *sua sponte* review of Plaintiff's complaint (Dkt. No. 9), pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis*. (Dkt. Nos. 4, 6.) On December 22, 2022, the Honorable S. Kate Vaughan, U.S. Magistrate Judge, granted Plaintiff's application. (Dkt. No. 8.) Summons has not yet issued.

When a person seeks to proceed *in forma pauperis* the Court must review the complaint and dismiss it if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *See also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Section 1915(e)(2) requires a court reviewing a complaint filed *in forma pauperis* to rule on its own motion to

dismiss before directing service. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff need not give "detailed factual allegations," but must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The complaint alleges violations under 42 U.S.C § 1985 (conspiracy to interfere with civil rights), 18 U.S.C. § 1030 (fraud and related activity in connection with computers), as well as the First and Fourth Amendments. (Dkt. No. 9.) However, these allegations are conclusory and do not rise above the speculative level. Plaintiff contends that she has been subjected to "trauma based psychological programming" and has been denied her "guaranteed right to work due to extreme physical torture." (*Id.* at 5.) These fanciful and unsupported allegations should be dismissed because they present no point of law that is arguable on the merits. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("Courts of Appeals have recognized § 1915(d)'s term

ORDER
C22-1608-JCC
PAGE - 2

'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."); *see also Norton v. Amador Cnty. Detention Facility*, 2009 WL 3824755 slip op. at *2 (E.D. Cal. 2009) (listing cases dismissed based upon fantastical or delusional allegations).

As it is clear the complaint could not be cured by amendment, the Court DISMISSES the complaint with prejudice,[1] and STRIKES the motion to stay (Dkt. No. 7) and the motion to appoint counsel (Dkt. No. 10) as moot.

DATED this 26th day of January 2023.

JOHN C. COUGHENOUR
United States District Judge

---

[1] Leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).